IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| Oluwakemi Adewol, Keisha Jackson, and Jemilat Suleiman on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Frickenschmidt Foods LLC and Wicked Cutz LLC,<br><br>    Defendants. | CASE NO. 4:22-cv-00254-NCC |

## PLAINTIFFS' MOTION FOR TAXATION OF COSTS OF SERVICE TO BE ASSESSED AGAINST DEFENDANT WICKED CUTZ AND FOR ATTORNEY'S FEES

Plaintiffs Oluwakemi Adewol, Keisha Jackson, and Jemilat Suleiman, by and through their counsel and pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, bring this Motion for Taxation of Costs of Service to be Assessed Against Defendant Wicked Cutz LLC ("Defendant Wicked") and respectfully state to this Honorable Court the following:

1. Plaintiff Adewol filed suit against Defendant Frickenschmidt Foods LLC in the above-captioned matter on February 28, 2022. (Doc. No. 1).

2. On March 12, 2022 the Amended Complaint was filed which added Defendant Wicked. (Doc. No. 5).

3. On March 14, 2022, a copy of the Amended Complaint, multiple copies of the Waiver of Service forms, and pre-paid postage for the return of the Waiver of Service form was sent to Defendant Wicked. *See* Exhibit A.

4. While sent on March 14, 2022, undersigned counsel post-dated the sent date to March 16, 2022 to assist Defendant Wicked. (Doc. No. 5-2). This was done as an unsolicited courtesy to Defendant Wicked because undersigned was aware of internal delays with the United States Postal Service.

5. On March 17, 2022, this envelope was delivered to Defendant Wicked at 11:00AM. *See* Exhibit B.

6. While numerous conversations occurred with Defendant Frickenschmidt's counsel and other related agents and employees, Defendant Wicked failed to contact Plaintiffs' counsel through any attorney, agent, or employee.

7. On April 26, 2022, Defendant Wicked was served by Plaintiffs as reflected in the records of Clerk of Court. (Doc. Nos. 20-21).

    a. Defendant Wicked, a Florida limited liability company, was served at its registered agent as listed on its registration with the State of

Florida which is the same address listed in the Terms of Service on its official website. *See* Doc. No. 34-1.

b. This is the same address that is listed in Defendant Wicked's Annual Report filed with the State of Florida on April 27, 2022. This report was filed one day after process was served upon Defendant Wicked. *See* Doc. No. 34-2.

c. The Annual Report's certification statement is signed by "KILBURN SHERMAN." *See* Doc. No. 34-2.

d. "KILBURN SHERMAN" is also the person that was served the previous day. (Doc. Nos. 20-21).

e. Kilburn Sherman is identified as Defendant Wicked's "Company Recall Coordinator" in a letter concerning the false representation that its Products are Gluten Free. *See* Doc. No. 34-3.

8. On May 18, 2022, Plaintiffs filed a Motion for Entry of Clerk's Default against Co-Defendant Wicked Cutz LLC (Doc. No. 24) based on the following:

a. Defendant Wicked had failed to contact Plaintiffs' counsel in this matter.

b. Counsel for Defendant Wicked had failed to contact Plaintiffs' counsel in this matter nor entered an appearance in this case.

c. Defendant Wicked had not filed an answer or other responsive pleading with the Court as of that date and was therefore in default.

9. Defendant was served via the United States Postal Service of the Motion for the Clerk's Entry of Default that same day. (Doc. No. 24).

10. On May 25, 2022, the Clerk granted the request, and default against Defendant Wicked was entered. (Doc. No. 30).

11. On May 31, 2022, Plaintiffs filed a Motion for Default Judgment on Defendant Wicked. (Doc. No. 34). As of the date of that filing, Defendant Wicked had failed to contact any of Plaintiffs' counsel nor had counsel entered an appearance on its behalf.

12. On June 1, 2022, counsel for Defendant Wicked communicated with Plaintiffs' counsel for the first time and indicated that they would be entering an appearance to address the Motion for Default Judgment.

13. This Motion seeks costs and fees associated with the service only. In making this request, it is not Plaintiffs' intent to foreclose or waive any potential future motion for costs and fees related to Defendant Wicked's default.

14. The cost of service on Defendant Wicked was $85.00. *See* Exhibit C.

15. Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2).

16. In addition to the aforementioned service costs incurred, Plaintiffs have also incurred attorney's fees as and for achieving personal service of the Complaint on Defendant Wicked, the preparation of this motion and memorandum in support filed concurrently herewith.

17. The undersigned expended 0.6 hours in: finding and discussing personal service with the private process server, preparing and filing the notice of private process server, preparing the summons, sending the summons to the private process server, and filing the proof of service on Defendant Wicked with this Court.

18. Additionally, the undersigned has expended 0.5 hours in the preparation and filing of this instant Motion with attached exhibits.

19. Lastly, the undersigned has expended 0.4 hours in the preparation and filing of Plaintiffs' Memorandum in Support filed concurrently herewith.

20. Plaintiffs' undersigned counsel makes contemporaneous records of his hours worked on this case and every case.

21. Plaintiffs' undersigned counsel records his time in tenths of hours; that is, every 6 minutes is recorded as 1/10 of an hour.

22. Plaintiffs' undersigned counsel:

   a. is an attorney licensed to practice law in the Commonwealth of Pennsylvania, State of Georgia,[1] the Federal District Court for the Southern District of Illinois, the Federal District Court for the Western District of Pennsylvania, the Federal District Court for the Eastern

---

[1] Presently inactive in good standing.

District of Pennsylvania, and the Federal District Court for the District of Maryland; and

b. has been admitted *pro hac vice* before this Honorable Court, the Federal District Court for the District of Delaware, the Federal District Court for the Northern District of California, the Federal District Court for the Central District of California, the Federal District Court for the Southern District of Florida, and the Federal District Court for the Western District of Wisconsin; and

c. has been practicing law for approximately 11 years, focusing mostly on federal class actions as well as *pro bono* criminal defense; and

d. has particular experience in food, drug, and cosmetic related class actions like the matter before the Court.

23. Plaintiffs' undersigned counsel's current rate on national consumer product class action cases is $875.00 per hour and the undersigned respectfully states that this fee is reasonable.

24. The total amount of attorney's fees sought is $1,312.50 which is reasonable, and when combined with the costs of service of $85.00, the total request is a reasonable $1,397.50.

25. Four years ago, on July 27, 2018, the Honorable Chief Magistrate Judge Nanette A. Baker, in ruling on a similar motion as this Motion, found the time expended and total amount requested was reasonable and distributed

$1,360.00 in attorney's fees plus $150.00.00 in service costs for a total amount of $1,510.00. *See* Exhibit D.

26. Additionally, three years ago, on a similar motion, United States District Judge Stephen N. Limbaugh, Jr. awarded $1,360.00 in attorney's fees plus $65.00 in service costs for a total amount of $1,425.00. *See* Exhibit E.

27. Plaintiffs seek service costs in the amount of $85.00 and attorney's fees in the amount of $1,312.50 as for 1.5 hours expended (0.6 + 0.5 + 0.4) at counsel's hourly rate of $875.00 per hour for a total amount of $1,397.50.

28. The undersigned states that additional attorney fees may be sought if counsel must file a reply memorandum in support of this motion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Honorable Court grant their Motion for Taxation of Costs of Service to be Assessed Against Defendant Wicked and for Attorney's Fees and for such other relief this Court deems just and proper under the circumstances.

Dated: June 6, 2022

Respectfully submitted,

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton, Esq.*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291

**SHENAQ PC**
Amir Shenaq, Esq.*
amir@shenaqpc.com
3500 Lenox Road, Ste 1500
Atlanta, GA 30326
Tel: (888) 909-9993


**THE SMITH LAW FIRM, PLLC**
R. ALLEN SMITH, Esq.*
asmith@smith-law.org
300 Concourse Blvd., Suite 104
Ridgeland, MS 39157
Tel: (601) 952-1422

**ONDERLAW, LLC**
W. Wylie Blair #58196
blair@onderlaw.com
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
Tel.: (314) 963-9000


**pro hac vice*
*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2022, a true and correct copy of this Motion was filed with the Court via the Electronic Case Filing System, and was e-mailed to Defendant Wicked's counsel.

/s/ *Steffan T. Keeton*
Steffan T. Keeton, Esq.