IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLUWAKEMI ADEWOL, KEISHA JACKSON, and JEMILAT SULEIMAN on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>FRICKENSCHMIDT FOODS, LLC and WICKED CUTZ, LLC,<br><br>      Defendants. | Case No. 4:22-cv-00254-NCC |

**DEFENDANT FRICKENSCHMIDT FOODS, LLC'S
MOTION TO TRANSFER TO THE WESTERN
DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1404(a) and FRCP 12(b)(3)**

  Defendant Frickenshcmidt Foods, LLC. (hereinafter "Frickenschmidt") for its Motion to Transfer to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a) states as follows:

  1. This dispute involves a class action suit filed by plaintiffs Adewol, Jack and Suleiman, on their own behalf and of a larger class of individuals who purchased Wicked Cutz Teriyaki Beef Sticks (hereinafter "Product" or "Products") which were allegedly falsely labeled as "gluten free" throughout the United States.

  2. Plaintiffs allege that defendants "deception" and false "gluten free" labels and the advertisements thereof is in violation of states consumer protection statutes, including the Missouri Merchandising Practices Act (hereinafter "MMPA") based upon the allegations that that Plaintiff Jackson, and others within the Missouri class, purchased the product in Missouri for personal, family or household use.

  3. Frickenschmidt's physical store is located in Lockwood, Missouri within Dade

County which lies within the Western District of Missouri.

4. The plant that makes the Product from beginning to finish is also located in Lockwood, Missouri.

5. Consequently, important witnesses with knowledge regarding the making, packing and labeling of the Products as "gluten free", precisely the actions which Plaintiffs allege was deceptive and violative of states consumer protection statutes, are within the Western District of Missouri.

6. United States Statute 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."

7. Because plaintiffs' case could have been brought in the Western District of Missouri and since venue would be convenient to the parties and witness and in the interest of justice this Court should transfer venue from the Eastern District of Missouri to the Western District of Missouri.

8. As further grounds in support of this motion Frickenschmidt concurrently files herewith its Memorandum of Law in Support of Defendant Frickenschmidt Foods, L.L.C.'s Motion to Transfer to the Western District of Missouri Pursuant to 28 U.S.C. § 1404(a).

WHEREFORE, for the foregoing reasons, Defendant Frickenschmidt respectfully requests this Court order that this case be transferred to the United States District Court for the Western District of Missouri.

Respectfully submitted,

By: */s/ David C. Berwin*
David C. Berwin, Bar No. 55046MO
Evans & Dixon, L.L.C.

211 North Broadway, Suite 2500
St. Louis, Missouri  63102
(314) 552-4046
(314) 884-4446 – facsimile
dberwin@evans-dixon.com
*Attorney for Defendant*
*Frickenschmidt Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6TH day of June, 2022, the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

*/s/  David C. Berwin*